FILED

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Carl Rush Cooper,
   Plaintiff.

v.

United States Parole Commission,
   Defendant.

 :
 :
 :
 :
 :

CASE NUMBER 1:05CV02407

JUDGE: Emmet G. Sullivan

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 12/15/2005

---

# FREEDOM OF INFORMATION ACT
# LAWSUIT UNDER 5 USC 552

---

Plaintiff current address is:
Carl R. Cooper  # 82829-071
Federal Detention Center
P.O. Box 562
Philadelphia, PA. 19105

The Defendant is U.S. Parole Commission
Defendant address is:
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, Md. 20815

RECEIVED

NOV 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## CASE HISTORY:

From the years of 1998 until the year of 2004 the plaintiff sent
several freedom of information act request to the U.S. Parole
Commission, requesting copies of the tape or transcript of the
parole hearing of 1992. At each request the parole commission
response was that they we back logged and the request would be
responded to as soon as possible, none of these request was
processed.

Plaintiff first request was made in October 1998, and Plaintiff
second request was made in November 2001 and futher a follow up
letter was sent to the parole commission  in January of 2002
explaining why and what the tape was needed for.During this period
the plaintiff waited with patience for the parole commission to
provide the requested material. Plaintiff final request was made
August 2004 at which time the Plaintiff was informed that the tape
of the 1992 parole revocation hearing was destroyed.

The parole commission stated that it only had to hold the tape
for a ten year period, but they cited no law  or policy that stated
such, and it was still two pending request for the tape of the 1992
parole revocation hearing. Plaintiff became aware of the violation
of his rights to secure the tape of the 1992 parole revocation
hearing, in August of 2004


Plaintiff filed a previous F.O.I. law suit in this District
Court this Year but never got a response from this Court, now
Plaintiff would like to submitt this  F.O.I. law suit because
the Court never acknowledge that it recieved my previous law
suit.
Plaintiff is requesting a trial by jury.

2

## P E T I T I O N :

1.  Plaintiff now comes before the Court stateing the following
facts, that the Parole Commission denied him acess to requested
records that was exculpatory evidence and would have proven that
the parole commission was useing inaccurate records which had
adversely effected him.

2.  The parole commissions response was untimely and the refusal to
grant the plaintiffs request under the F.O.I.A. has caused plaintiff
to suffer harm.

3.  The parole commission should not be allowed to hide behind
their contention of being backlogged, because the Plaintiff request
was waiting to be process from the year 1998 untill 2002, the parole
commission intentions was never to give the Plaintiff acess to
records that would have given Him his freedom.

4.  In January of 2002 prior to the unlawful destruction of the tape
of the 1992 parole revocation hearing, the parole commission was
again put on notice concerning the fact that the record was not
accurate and that he wanted the requested information so that he
could prove that his sentence was completed and that the parole
commission no longer had any jursdiction over him.

5.  The Plaintiff was denied acess to the tape of the 1992 parole
revocation hearing because it would have proven that the blank
warrant that the parole commission was contenting that they
executed in 1996 was and could not have taken place because  it
was said during the hearing of 1992 that the warrant was executed.

**SEE ATTACH EXHIBITS IN SUPPORT OF PLAINTIFF CLAIM**

RELIEF

Plaintiff argues that the parole commission denial of acess to the
information contained in his parole file was a deliberate, arbitrary,
capricious and malicious violation of his rights under the freedom
of information act and his rights to the due process protection of
articles 5,6 and 14 of the United States Constitution.
Their denial has resulted in Plaintiff illegal incarceration from
the year 2001 untill the present on several driffent occasion . This
deprivation of liberty has prevented Mr. Cooper the Plaintiff from
earning a living and has denied him the pursuit of a normal life
style. Plaintiff request damages in the amount of $500 (five hundred
dollars),per day for each day he has been deprived of his liberty.
Further, the Plaintiff argues that the act was an arbitrary, capricious
and malicious deprivation of his rights and he respectfully request
to award puntive damages trebling the base amount awarded as
compensation for this deliberate act. Total amount 1.5 million dollars.

DECLARATION AND SIGNATURE

I Carl R. Cooper declare under penalty of perjury that the  foregoing
is true and correct.  Executed on this 9th            day of November
            2005.

Date:  9 NOV. 05

            Carl R. Cooper
            Carl R. Cooper   - Pro se

4

U.S. Department of Justice **RECEIVE** OCT 13 1998    **Certification of Identity**

#651 

RECEIVED OCT 13 1998

**Privacy Act Statement:** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    _Carl Rush Cooper_

Current Address    _F.C.I. Butner P.O. Box 100 - Butner N.C. 275 2750c_

Date of Birth    _04 - 04 - 62_

Place of Birth    _Williamsburg S.C._

Social Security Number [2]    _250 - 27 - 0680_        **05 2407**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]    _Carl R. Cooper_        Date _8 oct 98_

**FILED**

**Optional: Authorization to Release Information to Another Person**

DEC 1 5 2005

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/01

**EXHIBIT-A**

FORM DOJ-361
FEB. 98

INFORMATION REQUESTED THROUGHT F.O.I. FROM
THE U.S. PAROLE COMMISSION



1. Notice of action from the 1992 parole revocation hearing along with the transcript from that hearing.

2. Transcript from the 1996 interm hearing.

3. Copy of the letter sent to me prior to the interm hearing in which the parole commission stated that they did not want to give me an interm hearing.

3. Copy of all request that I sent the parole commission concerning the incorrect compution of my sentence.

4. A legal definition of violator term.

5. What statues gives the parole commission legal authority to execute a warrant then hold the same warrant as a detainer.

Date: 8 oct 98

Carl R. Cooper -82829-071

EXHIBIT-A1

JV-28-01 11:27 FROM:FPD/FED TRANSFER CENTER    ID:405880    PAGE 2/2

# FEDERAL PUBLIC DEFENDER
### WESTERN DISTRICT OF OKLAHOMA

SUSAN M. OTTO
FEDERAL PUBLIC DEFENDER

DEATH PENALTY FEDERAL
HABEAS CORPUS DIVISION:
REPLY TO: _____
215 DEAN A. McGEE
SUITE 524 OLD POST OFFICE BUILDING
OKLAHOMA CITY, OKLAHOMA 73102
(405) 231-5769
FAX: (405) 231-5178

MAIN OFFICE:
REPLY TO:
215 DEAN A. McGEE
SUITE 524 OLD POST OFFICE BUILDING
OKLAHOMA CITY, OKLAHOMA 73102
(405) 231-5725
FAX: (405) 231-5178

BRANCH OFFICE:
REPLY TO:
FEDERAL TRANSFER CENTER
P.O. BOX 898802-8302
OKLAHOMA CITY, OKLAHOMA 73159-8802
(405) 680-4047
FAX: (405) 680-4082

November 26, 2001

United States Parole Commission
FOIA Section
5550 Friendship Blvd.   Suite 420
Chevy Chase, Maryland   20815

ATTN: ETIM A. ETIM - FOIA DIV.

**BY FAX (301) 492-5525 and FIRST CLASS MAIL**

RE: COOPER, Carl          Reg. No. 82829-071

05 2407

Dear Mr. Etim,

Under the Freedom of Information Act, I am respectfully requesting the below listed items be released to my attorney, Ms. Kristi Christopher, as soon as reasonably possible.

1. Copies of the tape recorded proceedings from my 1992 revocation hearing.
2. Copy of the 1992 Notice of Action that resulted from that hearing.
3. Copies of all correspondence from 1992 to 1998 authored by myself and directed to the U. S. Parole Commission.

FILED

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Please forward this information to my attorney, Ms. Kristi Christopher, Assistant Federal Public Defender, Federal Transfer Center, as soon as reasonably possible. Thank you for your consideration in this matter.

signed: X _Carl R. Cooper_
                Carl Cooper

7-12-2005

EXHIBIT-B



Carl R. Cooper 82829-071
Federal Transfer Center
P.O. Box 898801
Oklahoma City. OK. 73189-8801
8 Jan. 02

R E C E I V E D
JAN 15 2002
US PAROLE COMMISSION

✗ 4997

Dear, Chairman of U.S. Parole Commission

We respectfully ask that the parole Commission Adress these issues and Concernes, as well as provide the doucments to prove or disprove Parolees Claim. Because the parolee has been trying Since 1998 through the freedom of information Act to obtain the transcrip as well as all the paper work the Commission used in Making their decision such as Copies of dispostinal review of the detainer and the form fill out prior to dispostinal hearing if in fact this is what happen.

How can the parolee make an intelligent orguement or present the fact the will show that your Claim of holding a dispostinal revocation hearing isint true? Parolee only wants this information to show that the U.S. Parole Commission No longer has jursdiction over him. See Attach

FILED
DEC 15 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfuly Submitted,

Carl R. Cooper

Carl R. Cooper - 82829071

05 2407

EXHIBIT-C



**U.S. DEPARTMENT OF JUSTICE**
United States Parole Commission

*5550 Friendship Boulevard*
*Chevy Chase, MD 20815*
*Telephone: (301) 492-5959*

November 10, 1998

Mr. Carl Cooper
Reg. No. 82829-071
Butner FCI
P.O. Box 1000
Old Highway 75
Butner, NC 27509-1000

Dear Mr. Cooper:

This office acknowledges the receipt of your letter on 10/13/98, requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources to process FOIA requests. Our personnel resources are limited because the statutory abolition and the phase-down of the Commission requires an annual reduction of staff. The agency is therefore operating under exceptional circumstances as defined in 5 U.S.C. Sec. 552(a)(6)(C), and will endeavor to exercise due diligence in responding to your request. Disclosure requests are processed in turn as soon as reasonably possible. We may be unable, however, to process your request within the statutory time requirement. Please note that pre-hearing disclosure requests take precedence over FOIA requests processed under 28 C.F.R. Sec. 2.55 because of the statutory and regulatory deadlines for conducting parole hearings under 28 C.F.R. Sec. 2.12(a).

The filing of a request for records shall be deemed to constitute an agreement to pay reproduction fees charged under applicable regulations up to $25.00. In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00. The Commission will inform you if the fees are assessed, you must make payment before copies will be sent to you.

05 2407



FILED

DEC 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same. Additionally, your file may contain documents that originated with the Bureau of Prisons. We do not interpret your request to include these documents as you may already have obtained them from the Bureau. If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned. The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. Your continuing courtesy is appreciated.

Sincerely,

Lauren M. Price
Disclosure Specialist

LMP/lmp

EX. D-2

  

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard,*
*Chevy Chase, MD  20815*

January 18, 2002

Mr. Carl R. Cooper
Reg. No. 82829-071
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189-8801

Dear Mr. Cooper:

This office acknowledges the receipt of your letter dated 01/08/02 which was received on 01/15/02, requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources with which to process a large volume of FOIA requests.  The National Capital Revitalization Act of 1977 has more than doubled the Commission's caseload as of August 5, 2000.  However, Congress has continued the Commission's status as an abolished agency under the Parole Commission Phaseout Act of 1996, and has not given the Commission the funding it expected to implement the Act in all respects. The agency has requested legislation to resolve this problem as well as a supplemental appropriation for Fiscal Year 2001 to give it additional personnel to manage its FOIA caseload.

**05 2407**

Moreover, since August 5, 2000, the Commission's FOIA caseload has significantly increased because of the unprecedented use of the FOIA, in District of Columbia Code cases, as a substitute for prehearing discovery at parole and parole revocation hearings, which is not required by the applicable parole laws and rules of the District of Columbia.  The Commission has not previously experienced such an unusual volume of FOIA requests in its federal cases.

**DEC 1 5 2005**

For the above reasons, the agency is now operating under exceptional circumstances as defined in 5 U.S.C. § 552(a)(6)(C), and will exercise due diligence in responding to your request.  Disclosure requests are processed in turn as soon as reasonably possible.  We may be unable, however, to process your request within the statutory time requirement.  Although we anticipate that the exceptional circumstances will be removed if Congress enacts legislation to provide appropriations sufficient to fund the Commission's implementation of the Revitalization Act, it is not anticipated that Congress will agree to fund the use of FOIA as a routine discovery mechanism for parole and parole revocation hearings.

*NANCY MAYER WHITTINGTON, CLERK*
*U.S. DISTRICT COURT*

EXHIBIT - E



In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00. The Commission will inform you if reimbursement is required and will determine any fee waiver request at that time. In the absence of a fee waiver, you must make payment before the copies of the records you requested will be sent to you.

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same. Additionally, your file may contain documents that originated with the Bureau of Prisons. We do not interpret your request to include these documents as you may already have obtained them from the Bureau. If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned. The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

We regret any delay but assure you that your request will be processed as soon as possible. You may wish to modify the scope of your request to limit your request to only a few documents which may result in priority processing. See 28 C.F.R. § 2.56(a)(1). Please remember that, in parole revocation cases, the Commission makes automatic prehearing disclosure of all documents upon which revocation of parole may be based without the need for a written request.

Sincerely,

Karla J. Timmons
Disclosure Specialist

KJT/kjt

EX. - E



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile: (301) 492-5525*

August 20, 2004

Mr. Carl Cooper
Reg. No. 82829-071
Cumberland FCI
14601 Burbridge Road, S.E.
Cumberland, MD 21502

**Re: Your Disclosure Request**

Dear Mr. Cooper:

This is in response to your request of August 10, 2004 received on August 12, 2004 for copies of documents from your parole file. The terms of your request cover:

**Copies of previous FOIA requests and responses contained in your file since September 1998, including a copy of your parole hearing tape of March 1992.**

The Commission is disclosing all of the documents you requested which are in your active file as of the date of this response.

Because the Parole Commission is exempt from the access provisions of the Privacy Act, this disclosure is made under the Freedom of Information Act (FOIA).

**The Commission retains tape recordings of hearings for a ten (10) year period. Since the date of your hearing was more than 10 years ago, the tape has been destroyed.**

If you are dissatisfied with my action on this request, you have thirty (30) days from the receipt of this letter to appeal this decision to the Chairman of the U.S. Parole Commission. An appeal to the Chairman must be made in writing and addressed to the Office of the Chairman, U.S. Parole Commission, 5550 Friendship Boulevard, Suite 420, Chevy Chase, MD. 208 15.

Sincerely,

Bartholomew D. Allen
FOIA Technician

**FILED**

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Enclosures - 37 pages

*EXHIBIT - F*

05/26/2005 17:41 FAX 20250138    FEDERAL PUBLIC DEFENDER    ☒037

WARRANT for return of Prisoner released to supervision or to Special Parole Term

_____    _____    _____
            (Name)                          (Number)                    (Institution)

_____    _____    _____

UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H-24.)

_____ District of _____ ss:

Received this writ the _____ day of _____ ,19_____ , and executed same by

arresting the within-named _____

_____ this _____ day of _____

19_____ , at _____ and committing him to_____

_____

                                            _____
                                                    (U.S. Marshal)

                                    By _____
                                                    (Deputy Marshal)

Further executed same by committing him to USP Lompoc _____

at Lompoc _____ on 02-12-96 _____ ,1996 , the institution

designated by the Attorney General, with the copy of the Warrant and warrant application.

┌─────────────────────────┐          David Rada Warden
│                         │              (U.S. Marshal)
│   EXHIBIT ___H___       │          By C. Lee L.T.F.
│                         │              (Deputy Marshal)
└─────────────────────────┘

NOTE.—The original of this warrant is to be returned to U.S. Parole Comissioner of the parole region where it was issued.

I have received a copy of the warrant application dated _____    Ex. U

                                                                            D. Z