# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL R. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-2407 (EGS) |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING PLAINTIFF'S PAYMENT OF FULL FILING FEES UNDER THE PLRA

Defendant United States Parole Commission hereby requests that this Court stay these proceedings pending plaintiff's payment of the full filing fee because plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to *in forma pauperis* status under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

## BACKGROUND

Plaintiff Carl Rush Cooper is currently incarcerated at the Federal Detention Center, Philadelphia, Pennsylvania. In his complaint under the Freedom of Information Act, plaintiff claims that the United States Parole Commission is improperly withholding documents that he requested under FOIA.

On December 12, 2005, plaintiff filed the instant action, together with a motion to proceed *in forma pauperis*. Plaintiff's motion was granted by Judge Kollar-Kotelly on December 15, 2005, thereby permitting plaintiff to file the instant matter without paying the full filing fee.

## ARGUMENT

1

**PLAINTIFF IS NOT ENTITLED TO *IN FORMA PAUPERIS* STATUS**

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA.  See Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998).  The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required initially to pay only a partial filing fee and then the balance of the filing fee in monthly installments.  See 28 U.S.C. § 1915(b); Chandler, 145 F.3d at 1357.

Absent imminent danger of serious physical harm, however, an inmate may not proceed *in forma pauperis* if that inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision).  See 28 U.S.C. § 1915(g); Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler, 145 F.3d at 1357.   If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed.  See Smith, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g).  See Ibrahim, 208 F.3d at 1036.  Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike.  See 28 U.S.C. § 1915(g); Kalinowski v. Bond, 358 F.3d 978, 978 (7th Cir.), cert. denied, 124 S.Ct. 2843 (2004); Thompson v. Gibson, 289 F.3d 1218, 1222-23 (10th Cir. 2002); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  A complaint that is dismissed, but only in part as malicious, frivolous, or for failure to state a claim has also been held to be a strike.  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998): Smith v. Duke, 296 F. Supp.

2d 965, 967-68 (E.D. Ark. 2003).  Properly filed *habeas corpus* petitions normally are not counted as strikes under the PLRA.  See Blair-Bey v. Quick, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

In the present case, the Court granted plaintiff's motion to proceed *in forma pauperis* on December 15, 2005  However, plaintiff has filed at least three cases or appeals that were dismissed as frivolous, malicious, or for failure to state a claim.  See, e.g., Cooper v. Rattan, No. 2:94-cv-00972-JDH-TPK (S.D. Ohio Oct. 6, 1992) ("JUDGMENT: dismissing case as frivolous.") (Docket Sheet attached as Exhibit 1); Cooper v. U.S. Parole Commission, No. 5:98-CT-956-BO (E.D.N.C. Feb. 17, 1999) ("There has not been such a determination and the Bivens action is DISMISSED as FRIVOLOUS.") (Order attached as Exhibit 2); Cooper v. U.S. Parole Commission, No. 05-98-CT-794-BO (E.D. N.C. Dec. 11, 1998) (dismissing the case because "Petitioner has failed to show that he has no other avenue of relief such as the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.") (Order attached as Exhibit 3); Cooper bv. Federal Bureau of Prisons, No. 2:02-829-22AJ (D.S.C. Apr. 24, 2002) (adopting the Report and Recommendation of the Magistrate Judge that the case be dismissed without prejudice and without issuance of process) (Order and Report and Recommendation attached as Exhibit 4). Furthermore, plaintiff's amended complaint does ***not*** allege that he is in imminent danger of serious physical harm.

Because plaintiff has three strikes under the PLRA, this Court should revoke plaintiff's *in forma pauperis* status, require plaintiff to pay the full filing fee, stay this action pending plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay.

**<u>CONCLUSION</u>**

For the forgoing reasons, defendant respectfully requests that the Court stay this action

pending payment of the full filing fee and dismiss the action if plaintiff fails to pay.

January 19, 2006                                Respectfully submitted,

                                         /s/
                                                _____
                                                KENNETH L. WAINSTEIN, D.C. Bar #451058
                                                United States Attorney


                                         /s/
                                                _____
                                                R. CRAIG LAWRENCE, D.C. Bar #171538
                                                Assistant United States Attorney


                                         /s/
                                                _____
                                                JOHN F. HENAULT, D.C. Bar # 472590
                                                Assistant United States Attorney
                                                555 4th Street, NW
                                                Washington, DC 20530
                                                (202) 307-1249
                                                (202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2006, I caused the foregoing to be served on plaintiff

via first class United States Mail:

CARL RUSH COOPER
# 82829-071
Federal Detention Center
PO Box 562
Philadelphia, PA 19105


_____/s/_____
JOHN F. HENAULT
Assistant United States Attorney