IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CT-956-BO

| | |
|---|---|
| CARL R. COOPER,<br>Plaintiff,<br><br>v.<br><br>U.S. PAROLE COMMISSION,<br>Defendant. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>) |

FILED
FEB 17 1999
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. NO. CAR.

OB # 117, p. 184

Carl R. Cooper, a federal prisoner, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, as well as a Bivens action. The matter is presently before the Court for an initial review of the habeas segment of the action and a frivolity review for the Bivens action. The Plaintiff seeks correction of the computation of his sentence and $1.5 million dollars.

The Court finds it appropriate to allow the habeas petition to proceed. Therefore, the Clerk is DIRECTED to continue management of this claim in accordance with the district plan. However, the Bivens action is FRIVOLOUS. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim for damages under 42 U.S.C. § 1983 that challenges the fact or duration of a prisoner's conviction or confinement is not cognizable unless that conviction or confinement has been invalidated in a separate proceeding. A plaintiff who seeks to recover damages for allegedly unconstitutional confinement must prove that the sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

FEB 17 1999

4.

issuance of a writ of habeas. There has not been such a determination and the <u>Bivens</u> action is DISMISSED as FRIVOLOUS.

For the foregoing reasons, the Clerk is DIRECTED to maintain management of the habeas petition brought pursuant to § 2241 according to the appropriate habeas procedures. SO ORDERED, this the 17th day of February 1999.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE