**FILED**
APR 2 4 2002
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Carl R. Cooper, Reg. No. 82829-071,  )
                                      )
        Plaintiff,                    )
                                      )   C/A No. 2:02-829-22AJ
        v.                            )
                                      )   **O R D E R**
Federal Bureau of Prisons,            )
                                      )
        Defendant.                    )
_____)

This civil rights action was filed by a *pro se* prisoner who is an inmate at the Federal Correctional Institution at Edgefield, South Carolina, serving a sentence for parole violation. In accordance with this court's order of reference and 28 U.S.C. § 636(b), this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge recommended that this action be dismissed *without prejudice* and *without issuance and service of process*. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the possible consequences if he failed to file objections. No objections have been filed and the time for doing so has expired.

After reviewing the complaint, the applicable law, the entire record and the Report and Recommendation of the Magistrate Judge, the court agrees with the recommendation of the Magistrate Judge. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted

AO 72A
(Rev.8/82)

and incorporated by reference. Therefore, is it

    **ORDERED** that this action is dismissed *without prejudice* and *without issuance and service of process*.

    **IT IS SO ORDERED.**

                                                   */s/ Cameron McGowan Currie*
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 22, 2002

AO 72A
(Rev.8/82)

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

MAR 2 6 2002

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| Carl R. Cooper, Reg. No. 82829-071, ) | C/A No. 2:02-829-22AJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Federal Bureau of Prisons, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff is a federal inmate, currently serving the remaining portion of his sentence ("less than a year" according to the plaintiff) for a parole violation at the Federal Correctional Institution at Edgefield, South Carolina. He has filed a complaint in this Court styled as an action pursuant to the Privacy Act, 5 U.S.C. § 552a,[1] in an attempt to force the Federal Bureau of Prisons [BOP] to remove a notation for a prison disciplinary action from his prison record. The plaintiff contends that the disciplinary action notation is invalid because he was never convicted on the charges, and its continued presence on his record has created custody classification problems for him, resulting in his being placed in a dangerous high security level prison rather than a safer medium security institution to serve out the remainder of his sentence. He alleges that he has

---

[1] "The Privacy Act prohibits federal agencies from disclosing their records to any person or to another agency and provides a private cause of action for an individual who has suffered an adverse effect as the result of a disclosure in violation of the Act." Fattahi v. Bureau of Alcohol, Tobacco & Firearms, 2002 WL 334894, *2 (E.D. Va., Feb. 26, 2002)(footnotes omitted). "The Privacy Act provides that individuals may request access to records on them, may request amendment of those records, and may attach a statement of disagreement to the record if amendment is refused. See 5 U.S.C. § 552a(d). It further provides that if an agency refuses to review the denial of a requested amendment or to attach a statement of disagreement the individual may file suit in the United States district court. See 5 U.S.C. § 552a(g)(1)(A). The district court may order the agency to amend the record or attach the statement of disagreement, and the individual may recover attorney fees and costs if he or she substantially prevails in the action. See 5 U.S.C. § 552a(g)(2)." Gowan v. U.S. Dept. of Air Force, 148 F.3d 1182, 1188 (10th Cir. 1998).

written several letters to BOP officials and attempted to go directly to the Regional Director by filing a BP-10 form, but has received unsatisfactory responses because he was told that he would have to take the issue up with the warden of his current institution through the regular BOP inmate grievance process first. The plaintiff claims that his sentence will be completed before the full BOP process can be accomplished, and he requests this Court to step in and order the BOP to remove the disciplinary incident notation from his prison record and to transfer him to a medium security-level institution under the Privacy Act. He also requests an award of $10,000.00 in compensatory damages and the costs of this lawsuit.[2] The plaintiff has filed an application to proceed *in forma pauperis* with respect to his Privacy Act claim.

Under established local procedure in this judicial district, a careful review has been made of the plaintiff's *pro se* complaint filed in the above-captioned case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

---

[2] "The weight of authority suggests that actual damages under the Privacy Act do not include recovery for "mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries." Fitzpatrick v. Internal Revenue Serv., 665 F.2d 327, 331 (11th Cir. 1982); Pope v. Bond, 641 F.Supp. 489, 501 (D. D.C. 1986); DiMura v. FBI, 823 F.Supp. 45, 48 (D. Mass. 1993).

2

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).[3] Even under this less stringent standard, however, the above-captioned complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because the plaintiff has not properly exhausted his administrative remedies, nor does his complaint show acceptable grounds for excusing the exhaustion requirement in his case.

Although both state and federal prisoners retain many constitutional and statutory rights, it has been recognized that incarceration inherently limits certain rights of prisoners. *See* O'Lone

---

[3] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). *See* York v. Huerta-Garcia, 36 F. Supp. 2d 1231 (S.D. Cal. 1999)(Even in *pro se* context, the plaintiff bears the burden of pleading sufficient facts to state a claim.)

3

v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Federal Bureau of Prisons and its employees, particularly a warden, have the power to manage and regulate all persons convicted of offenses against the United States. See 18 U.S.C. § 4042. Once a person is convicted of a federal crime and is committed to the custody of the Attorney General of the United States, the Federal Bureau of Prisons has the sole authority to determine that person's place of confinement and under what circumstances that person shall be confined. 18 U.S.C. § 3621(b). Although the complaint submitted by the plaintiff in the above-captioned action appears to raise at least facially arguable Privacy Act claims,[4] the plaintiff has not fully exhausted his administrative remedies, which must be done prior to bringing a Privacy Act claim to federal court. See Pollack v. Department of Justice, 49 F.3d 115, 115 n. 1 (4th Cir. 1995).

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq.*, and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. See 18 U.S.C. § 3625. Rather, the Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. See 28 C.F.R. § 542.10, *et. seq.* After informal attempts to resolve the matter with staff have failed, the plaintiff must present his claims to the Warden of the institution where he is housed. 28 C.F.R. § 542.13(b). If necessary, the plaintiff must appeal the Warden's

---

[4]*But see* Meyer v. Federal Bureau of Prisons, 940 F.Supp. 9, 13-14 (D. D.C. 1996)(holding that many of the Bureau of Prisons' files are exempted from the provisions of the Privacy Act, including the "custody classification form"). Although the plaintiff does not specifically use the term "custody classification form", he does seek to require the Bureau to "correct" his inmate files in order to allow him to be incarcerated in a lower security level institution for the remainder of his sentence. If his request would require changes to his custody classification form, it is very likely that his request, once administratively exhausted, still might not be cognizable under the Privacy Act in accordance with the analysis in Meyer.

4

determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, to the Office of General Counsel. 28 C.F.R. § 542.15. It is well established that "a comprehensive exhaustion requirement better serves the policy of granting an agency the 'opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.'" Nyhuis v. Reno, 204 F.3d 65, 76 (3d Cir. 2000)(quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)).

It is obvious from the plaintiff's complaint that, in an apparent attempt to save time, he skipped at least one step in the BOP's process with regard to his complaint about the status of his prison record. The attachments to the plaintiff's complaint make clear that the plaintiff intentionally bypassed the required submission of a BOP form BP-9 to the Warden at either the Oklahoma facility where he was temporarily housed before his transfer to Edgefield or at his current place of incarceration. Instead, after receiving unsatisfactory responses to his initial "informal" letters to BOP personnel, the plaintiff attempted to file a BOP form BP-10 directly with the South Central Regional Director of BOP in Oklahoma. That form was rejected by the Director in correspondence dated December 12, 2001, in which the following was stated as the reason for rejection: "You must first file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level." Complaint, attachment 2. In addition, the plaintiff was informed through correspondence dated January 14, 2002 from the Associate Warden of the Oklahoma facility that he would have to bring the matters of which he complains to the attention of the responsible authorities through the proper channels at the Edgefield facility once he was

transferred there. Also in that letter, the plaintiff was informed that Edgefield "is categorized as a medium security level facility."[5] Complaint, attachment 4. Rather than follow the Associate Warden's directions and proceed within the recognized BOP process, the plaintiff filed this complaint which must now be dismissed without prejudice for failure to exhaust administrative remedies.

Although the plaintiff seems to think that the BOP process will take too much time and that his sentence will already be completed before his complaints can be considered, there is no factual support for such speculative allegations. There are specific time limits provided for completion of the various steps in the BOP process,[6] and there is nothing to indicate that the plaintiff's complaints may not be raised within the institution through the recognized process on an

---

[5] The plaintiff apparently did not believe the Associate Warden's information about the security level, because he alleges in his complaint that he is "presently here [at Edgefield] at a high facility...,Complaint, at 4; however, this Court may take judicial notice of the fact that BOP records show that Edgefield is classified as a medium security level institution with an adjacent minimum security level camp. *See* Directory in Federal Bureau of Prisons Website: www.bop.gov. Thus, at least part of the plaintiff's prayer for relief, i.e., that he be transferred to a medium security level institution could not be granted, even if the plaintiff had exhausted his remedies and then prevailed on the merits of his claim.

[6] The Third Circuit has described the relevant time periods as follows:

> An inmate "may seek formal review of an issue which relates to any aspect of [his] confinement" under 28 C.F.R. § 542.10 . The procedure requires that the inmate first address his complaint to the institution staff, see id. § 542.14,within twenty calendar days following the date on which the basis for the complaint occurred, see id. § 542.14. The staff has twenty calendar days to respond to the inmate's complaint. See id. § 542.18. If dissatisfied with the response at that level, the inmate has twenty days to appeal his complaint to the Regional Director of the Bureau of Prisons. See id. § 542.15. The Regional Director has thirty calendar days to respond. See id. § 542.18. Finally, the inmate may appeal his case, within thirty calendar days, to the General Counsel in the Central Office of the Bureau of Prisons, which is the"final administrative appeal." Id. § 542.15. The General Counsel has forty calendar days to respond the inmate's petition. See id. § 542.18. <u>All told, the process should take no longer than one hundred and eighty days. In fact, counsel for the Defendants has represented that "absent an extension of time granted to the prisoner, the grievance process in 1999 took no more than an average of 162.05 days to complete from the day the grievance arose."</u>

Nyhuis v. Reno, 204 F.3d at *78 (emphasis added).

"emergency" or "expedited" basis if, indeed, it appears that there will not be sufficient time for full consideration prior to the expiration of the plaintiff's sentence. There are no allegations in the complaint showing that the plaintiff ever formally instituted the process at all, much less requested expedited consideration, from the responsible officials at Edgefield prior to filing the present lawsuit. Under the circumstances, there is no basis on which the exhaustion of administrative remedies requirement should be waived in this case.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

3/25/02
(Date)
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

7